UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| IN RE SOURCEFIRE, INC. SECURITIES LITIGATION | Master File No. 07-cv-01210-JFM<br><br>JUDGE J. FREDERICK MOTZ |

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the 12th day of June, 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated February 10, 2009 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendants Sourcefire, Inc. ("Sourcefire" or the "Company"), E. Wayne Jackson, III, Thomas M. McDonough, Todd P. Headley, Martin F. Roesch, Asheem Chandna, Tim A. Guleri, Harry R. Weller, Steven R. Polk, Arnold L. Punaro, Joseph R. Chinnici, Morgan Stanley & Co. Incorporated, Lehman Brothers Inc., UBS Securities LLC, Jefferies & Company, Inc. and Sierra Ventures VII, LP; (2) whether judgment should be entered dismissing the Complaint, on the merits and with prejudice, in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the proposed Plan of Distribution as a fair and reasonable method to allocate the settlement proceeds among Class Members; and (4) whether and in what amount to award fees and reimbursement of expenses to Lead Counsel;

The District Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that a notice of the Settlement Hearing substantially in the form approved by the District Court in the Preliminary Order was mailed to all persons and entities reasonably identifiable who purchased Sourcefire common stock that are the subject of the Action, during the Class Period; and

It appearing that a summary notice of the Settlement Hearing substantially in the form approved by the District Court in the Preliminary Order was published in accordance with the Preliminary Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The District Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Class Members and the Defendants.

2. All capitalized terms used herein shall have the same meanings as set forth and defined in the Settlement Stipulation.

3. The District Court finds that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class they seek to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f)

a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the District Court hereby certifies the following action as a class action: all persons who purchased the publicly traded common stock of Sourcefire during the period from March 9, 2007 through April 5, 2007, inclusive. Excluded from the Class are any Released Persons. Class Members are any putative members of the Class who have not excluded themselves by filing a timely, valid request for exclusion. Those putative members of the Class who have excluded themselves from the Class by filing a timely, valid request for exclusion are listed on Exhibit A attached hereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is certified as class representative and the Lead Counsel previously selected by Lead Plaintiff and appointed by the District Court is hereby appointed as Lead Counsel for the Class.

6. The Settlement Stipulation is approved as fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and the Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

7. The Action is hereby dismissed with prejudice and without costs.

8. Lead Plaintiff and the Class Members hereby release and forever discharge each and all of the Defendants, personal or legal representatives of the Defendants, related or affiliated entities of the Defendants (including any Sierra Ventures related entity or partnership including but not limited to Sierra Ventures V, L.P., Sierra Ventures VI, L.P., Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P., Sierra Ventures VIII-B, L.P., Sierra Ventures IX, L.P., SV

Associates V, L.P., SV Associates VI, L.P., Sierra Ventures Associates VII, LLC, Sierra Ventures Associates VIII, LLC, Sierra Ventures Associates IX, LLC, Sierra Ventures Finance Limited L.P., Sierra Ventures Mauritius, Sierra Ventures Venture Member VIII, LLC, Sierra Ventures Venture Member IX, LLC, Sierra Ventures Venture Member Management VIII, LLC, Sierra Ventures Venture Member Management IX, LLC, Sierra Ventures Management, LLC, Sierra Ventures Management II, LLC), any entity in which a Defendant has a controlling interest, affiliates, predecessors in interest, successors in interest, assigns, employees, agents, representatives, attorneys, advisors, accountants, auditors and insurers, co-insurers, re-insurers of the Defendants, the past and present parents, subsidiaries, controlling shareholders, partners, members, principals, divisions, joint ventures, officers and directors of any of the foregoing that is an entity, any spouses or members of the immediate family of any of the foregoing persons who is a natural person, and the estates, retirement plans, heirs, devisees and legatees of any of the foregoing persons who is a natural person and any trust of which a Defendant is the settler of or which is for the benefit of a Defendant's family (collectively, the "Released Persons"), from any and all claims, debts, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based in law or equity, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or not matured, pursuant to federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in any forum by the Class Members, or any of them, or the successors or assigns of any of them, against any of the Released Persons, which arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts,

transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, alleged or referred to, in the Complaint, or which could have been alleged based upon the facts alleged in the Complaint, and which arise out of, are based upon or are related in any way, directly or indirectly, to the purchase or other acquisitions of any Sourcefire common stock by any Class Member during the Class Period.

9. Lead Plaintiff and the Class Members are hereby permanently barred and enjoined from prosecuting the Released Claims against the Released Persons.

10. Upon the Effective Date of the Settlement, all claims for contribution, indemnification, or any other form of relief by other alleged joint tortfeasors against the Released Persons based upon, arising out of, relating to, or in connection with the Released Claims of the Class or any Class Member are hereby barred, extinguished, discharged, satisfied and otherwise rendered unenforceable to the full extent permitted by law, and the future filing of any such claims enjoined. Nothing in this Order and Final Judgment shall be deemed to release, impair or affect the indemnity rights of any Released Person.

11. The District Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    (a) referred or used against the Released Persons or against the Class as evidence of wrongdoing by anyone;

    (b) construed against the Released Persons or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(c) construed as, or received in evidence as, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

14. Without further order of the District Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

15. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the District Court may make on the Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

16. The District Court hereby finds that the notice provided to the Class provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Distribution, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment.

17.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in ¶¶ 6-8, 27, 28, 32, 33 and 44 in the Settlement Stipulation), and the parties shall be returned to their respective positions immediately prior to the execution of the Settlement Stipulation.

Dated:    Baltimore, Maryland
          6/13          , 2009

_____
United States District Judge J. Frederick Motz